MILL FACTORS CORPORATION, Appellant, *v.* LOUIS MARGOLIES and Others, Copartners Doing Business under the Firm Name and Style of JOSEPH L. CAHN & COMPANY, Respondents. (Consolidated Actions.)

First Department, November 14, 1924.

**Partnership — action against alleged partners — evidence is conflicting as to existence of partnership — error to dismiss complaint.**

In an action against members of an alleged partnership to recover the purchase price of goods sold, in which the only issue contested is the existence of the partnership, it is error for the court to dismiss the complaint, where the evidence is conflicting on the question whether the defendants were secret partners with another who has since gone into bankruptcy or whether the defendants in their transaction with the bankrupt merely loaned him money and merchandise.

APPEAL by the plaintiff, Mill Factors Corporation, and by the plaintiffs in seven other actions against the defendants Louis Margolies and others, which actions were consolidated with the above-entitled action, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 17th day of October, 1923, upon the dismissal of the complaint at the close of the plaintiff's case.

*LaGuardia, Sapinsky & Amster* [*Joseph Sapinsky* of counsel; *Edwin B. Steel* with him on the brief], for the appellants.

*Hirsh, Newman & Reass* [*Benjamin Reass* of counsel; *I. Henry Kutz, Hugo Hirsh* and *Emanuel Newman* with him on the brief], for the respondents.

McAVOY, J.:

Each of the eight actions here on appeal is for goods sold and delivered. The complaint alleges that Joseph L. Cahn, Louis Margolies and Samuel Meadow were all copartners doing business as Joseph L. Cahn & Company. There is no dispute about the sale and delivery and non-payment of the merchandise. The partnership of the respondents Margolies and Meadow is alone contested. They deny that they are partners of Joseph L. Cahn & Company, and the plaintiff asserts that they were partners at the time of the sale and delivery of the goods.

The trial court dismissed the complaint.

The appellant's grievance is that the testimony of defendant Cahn, who became a witness for the plaintiff, showed a partnership such as would make the defendants liable to creditors. It asserts that the partnership arrangement was supported by circumstances

strongly corroborative of the alleged agreement of partnership, and that upon such a *prima facie* showing the court might not, without error, dismiss the complaint or direct a verdict where the defendants offer no testimony in contradiction.

The plaintiff's case hinged heavily on the credibility of the witness Cahn. Some surrounding circumstances corroborate Cahn's version of the parties' relation. Between November, 1920, and up to March, 1921, defendant Margolies contributed cash and merchandise to the business of Joseph L. Cahn & Company amounting to $40,000, and during these four months when cash and merchandise was delivered, no checks or notes were given for these contributions to the capital of Cahn's concern. During this period the current obligations of Cahn were not met and he was under heavy obligations. In April, 1921, there was a change in the conduct of Margolies in relation to this business. He then requested notes of Cahn for the cash and merchandise that was contributed to the business saying that he was short and he wished to keep the transactions secret from his bookkeepers, and likewise Meadow, the other defendant, immediately thereafter requested notes for the cash and merchandise that he contributed, saying he was in need of his money and that he would thereafter furnish Cahn with the money with which to take up these notes, such notes merely to be taken as evidence of capital invested in the partnership and not to be used. Cahn swore that it was agreed that the money invested by both Margolies and Meadow was to be paid out of profits, and that no profits were to be distributed until the capital put in by these two defendants had been first paid. On the other hand, there are numerous indications from which it might be inferred that these defendants were not partners of Cahn, but were merely sellers of merchandise and lenders of cash to Cahn's enterprise. There were thirty notes given by Cahn for the moneys advanced. There were forty-one bills for the merchandise contributed. There were twelve statements made to creditors in which he (Cahn) asserted his ownership of the business alone. His schedules in bankruptcy and the adjudication in bankruptcy all indicate a failure on the part of Cahn to make any claim of a partnership existing between himself and these defendants. He also gave testimony in an action in the City Court between one Brinn and Meadow that his transactions with respondent Meadow were debtor and creditor transactions in speaking of the sales notes, adjustment of accounts, bills for goods and payments thereon, whose effect is in controversy here. He also filed a certificate in the county clerk's office during the period he claimed these persons were partners, to the effect that

the business was conducted by him alone. His schedules in bankruptcy with a reservation admit a liability for the moneys loaned and the merchandise advanced by these two defendants. His books contain no record of the interests of the respective parties in the business, and there was, apparently, no means whereby to compute the rights and obligations of these several parties in the enterprise. All of these circumstances Cahn testified were due to a secret pact with the defendants to conceal the partnership between them. He claimed that by reason of his dependent position in which he was compelled to rely upon the support of these defendants he was not acting as a free and voluntary agent, but was carrying out the direction of concealment which had been previously agreed upon between him and the defendants. The circumstances of these parties' relations as thus outlined were such that the evidences of no partnership are not so entirely inconsistent with the plaintiff's witness' testimony as to completely occlude belief in his narration. It cannot be said with dogmatic surety that no reasonable person would differ with the assertion of defendants that they were not interested as partners. There was a conflict of fact both on proof and inference and it was a jury risk of defendants. It was, therefore, error to dismiss the complaint. We could not hold, although it might be thought expedient, that plaintiff failed to make out a cause of action, because as the re ord stands, if the jury believed Cahn's testimony that there was a conversation with the defendant Margolies, and one thereafter following with the defendant Meadow, in which it was said that if each contributed money and goods to the enterprise. there would be a division of the profits after payment of these advances into three parts, a *prima facie* partnership relation would have been made out. Although there was no testimony that there was any specific agreement as to losses the cause is not lost. While such a circumstance is said to be strong evidence that a partnership did not exist, it is nevertheless not conclusive and whatever strength in defendants' argument the lack of agreement to be responsible for losses had is a point of view which the jury alone could decide.

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide event.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellants to abide the event.